## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| **HEATHER H.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CBD-17-2301** |
| | ) | |
| **ANDREW SAUL,[1]** | ) | |
| | ) | |
| **Commissioner,** | ) | |
| **Social Security Administration** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### MEMORANDUM OPINION

Heather H. ("Plaintiff") brought this action under 42 U.S.C. § 406(b)(1) seeking attorneys' fees following the Notice of Award from the Social Security Administration. Before the Court are Plaintiff's Motion for Attorney Fees Under §§ 206(b) and 406(b) of the Social Security Act, ("Plaintiff's Motion"), ECF No. 19, Defendant's Response to Plaintiff's Counsel's Motion for Attorney's Fees under 42 U.S.C. § 406(B), ECF No. 20, and Plaintiff's Reply to Commissioner's Response to Motion for Attorney Fees Under §§ 206(b) and 406(b) of the Social Security Act, ("Plaintiff's Reply"), ECF No. 21.  The Court has reviewed Plaintiff's Motion, the response, the reply thereto, and the applicable law.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.).  For the reasons presented below, the Court hereby **GRANTS IN PART** Plaintiff's Petition.  A separate Order will issue.

---

[1] When this proceeding began, Nancy Berryhill was the Acting Commissioner of the Social Security Administration ("Commissioner").  On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore, automatically substituted as a party.  *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

## I.      Procedural Background

On August 11, 2017, following Plaintiff's petition for judicial review under 42 U.S.C. § 405(g), the Court reversed and remanded the Administrative Law Judge's ("ALJ") decision for further proceedings.  ECF No. 13.  On June 6, 2019, the Court approved the parties' stipulation and granted Plaintiff's Motion for Attorney's Fees, ECF No. 17.[2]  On remand, the ALJ granted Plaintiff's claims for disability insurance benefits.  Hr'g Decision 9, ECF No. 19–6.  The Commissioner issued a Notice of Award on January 15, 2020 and January 17, 2020.  Notice of Award, ECF Nos. 19–2, 19–3.  On March 11, 2020, Plaintiff filed the instant motion seeking attorneys' fees in the amount of $38,030.13.  Pl.'s Mot. 3.

## II.     Analysis

Plaintiff's counsel seeks to recover $38,030.13 representing 25% of Plaintiff's past due benefits of $152,120.52.  Pl.'s Mot. 1–2.  Plaintiff's counsel further avers that he will reimburse $5,000.00 in attorneys' fees that he recovered pursuant to EAJA, 28 U.S.C. § 2412.  *Id.* at 2.  Defendant avers that this request "impermissibly mix[es] work performed before the court with work performed to pursue Plaintiff's claim before the Commissioner."  Def.'s Resp. 2.  According to Defendant, attorneys' fees under 42 U.S.C. § 406(b) are limited to court-related work, and do not include work performed at the administrative level.  *Id.*  Defendant calculates that only 40.1 hours were spent by Plaintiff's counsel to represent Plaintiff before this Court, and therefore, at Plaintiff counsel's rate, only $10,025.00 in attorneys' fees are warranted.  *Id.*  Plaintiff's Reply avers that the Court may consider work performed at the agency level to

---

[2] The Court, pursuant to the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412, awarded Plaintiff $5,000 in attorneys' fees.  *See* Stipulation and J. for Payment of Att'y's Fees, ¶ 1, ECF No. 18.  The parties have stipulated that if Plaintiff's claim is allowed on remand, any requests for attorneys' fees pursuant to 42 U.S.C. § 406(b), would be subject to final review and approval as to reasonableness by the Court.  *Id.*

determine reasonableness.  Pl.'s Reply 1.

Under 42 U.S.C. § 406(b), the Court is authorized to award attorneys' fees not to exceed twenty-five (25) percent of a claimant's total past-due benefits to an attorney who successfully represented a claimant before the Court.  42 U.S.C. § 406(b)(1)(A).  "Although contingent fees are the 'primary means by which fees are set' in Social Security cases, a court must nevertheless perform an 'independent check, to assure that they yield reasonable results in particular cases.'"  *Patricia F. v. Comm'r, Soc. Sec. Admin.*, No. DLB-17-2281, 2020 WL 247361, at *1 (D. Md. Jan. 16, 2020) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).  In order to determine the reasonableness of an attorneys' fee petition, the Supreme Court explained that a reviewing court may consider "the character of the representation and the results the representative achieved."  *Gisbrecht*, 535 U.S. at 808.  The Supreme Court also clarified that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."  *Id.*  Further, a court may request Plaintiff's counsel to submit a record of the hours the attorney spent representing Plaintiff and a statement of the attorney's normal hourly rate for noncontingent fee cases.  *Id.*

"Courts are 'without jurisdiction to decree compensation for professional representation' at the administrative level … because the Commissioner 'alone is empowered to make awards for services rendered in agency proceedings.'"  *Mudd v. Barnhard*, 418 F.3d 424, 427 (4th Cir. 2005) (citing *Morris v. SSA*, 689 F.2d 495, 497 (4th Cir. 1982)) (internal citations omitted).  The Court can consider "time spent and work performed by counsel on the case when it [is] pending at the agency level, [only] insofar as it gave the district court a better understanding of factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the

significance of the result achieved in the district court." *Id*. at 428.

In this case, Plaintiff's counsel averred that he spent a total of "152 hours of Attorney fee time in pursuit of this matter." Pl.'s Mot. 2; Attorney Fee Itemization of Time 6, ECF No. 19–7. However, as made clear by the Fourth Circuit, only time spent before this Court can be accounted for under 42 U.S.C. § 406, not time spent at the administrative level. *Mudd*, 418 F.3d at 427. Even though the Court can consider time spent by counsel while the case was pending at the agency level, it cannot award attorneys' fees based on that time. *Id*.

Defendant averred that Plaintiff's counsel spent 40.1 hours representing Plaintiff before this Court, which Plaintiff's counsel did not deny in Plaintiff's Reply. *See generally* Pl.'s Reply. Therefore, the Court reviews the reasonableness of Plaintiff counsel's request for fees based on 40.1 hours. Plaintiff's counsel bills at a rate of $250.00 per hour. Attorney Fee Itemization 6. Plaintiff's counsel has been admitted to the Maryland bar since 2005. *See* Maryland Attorney Listing, https://mdcourts.gov/cgi-bin/cstf.pl?inputname=Sindler+&firstname= Andrew&Submit (last visited May 6, 2020). Further, according to Plaintiff counsel's website, his practice primarily consists of Social Security Disability cases. Biography of Andrew Sindler, Andrew Sindler Law, https://andrewsindlerlaw.com/ (last visited May 6, 2020).

The Court finds that given Plaintiff's experience, the rate of $250.00 per hour does not adequately compensate Plaintiff's counsel for the amount of work he expended. According to the Maryland Local Rules, a reasonable hourly rate for "[l]awyers admitted to the bar for nine (9) to fourteen (14) years" is between $225.00-$350.00/hr. Local R. App. B (D. Md. 2018). Even though, the local rules do not govern Social Security cases. *Arvie W. v. Comm'r., Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187, at *2, n.1 (D. Md.

Aug. 22, 2019), the rules assist the Court in assessing the reasonableness of the attorneys' fees.  Given that Plaintiff's counsel has practiced law for close to 15 years, has substantial experience representing clients in Social Security cases, and has obtained an exceptional award for Plaintiff, he is entitled to the top hourly rate that is presumptively reasonable for attorneys with his experience level set forth within the guidelines of $350.00.

The "[c]ourts in the Fourth Circuit have approved contingency agreements that produce much higher hourly rates in successful Social Security Appeals." *Patricia F.*, 2020 WL 247361, at *2 (approving a contingency fee hourly rate of $515.97); *See also Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490, at *3 (E.D.N.C. July 2, 2013) (approving a contingency fee hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833–34 (S.D.W. Va. 2003) (approving a contingency fee hourly rate of $1,433.12); *Kearon L. v. Comm'r, Soc. Sec. Admin.*, No. SAG-10- 2160, at *1–2 (D. Md. July 7, 2016) (unpublished) (approving a contingency fee hourly rate of $1,028.14); *Christina M. v. Saul*, No. CBD-17-2540, 2020 WL 886168, at 2 (D. Md. Feb. 24, 2020) (approving a contingency fee hourly rate of $1,000).

The Court agrees with Plaintiff's counsel that the past-due benefit award to his client was "a substantial award of necessary, life-changing and life-sustaining benefits to [Plaintiff's] family and dependents."  Pl.'s Reply 2.  Hence, the Court awards attorneys' fees at the rate of $350.00 per hour, totaling $14,035.00.  Plaintiff's counsel is directed to reimburse Defendant the $5,000.00 in fees previously received pursuant to the EAJA, 28 U.S.C. § 2412 award, as discussed in Plaintiff's Motion.  Pl.'s Mot. 2.

### III.     Conclusion

Based on the foregoing, the Court hereby **GRANTS IN PART** Plaintiff's Petition.


May 11, 2020                                                    _____/s/_____
                                                                          Charles B. Day
                                                                          United States Magistrate Judge


CBD/hjd